IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01308-BNB

TERRY RICHERT,

Applicant,

v.

THE COLORADO DEPARTMENT OF CORRECTIONS,
GARFIELD COUNTY COMMUNITY CORRECTIONS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 11 2008

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Applicant, Terry Richert, currently is housed in a Garfield County community corrections center in Rifle, Colorado. Mr. Richert has filed with the Court *pro se* a second amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in the Mesa County, Colorado, district court case number 03CR1086. He paid the $5.00 filing fee.

In an order filed on August 7, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On September 17, 2008, after being granted an extension of time, Respondents filed their pre-answer response. On October 1, 2008, Applicant filed a reply to the pre-answer response.

The Court must construe liberally the application and the reply filed by Mr. Richert because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application, and dismiss the action.

On June 2, 2005, Mr. Richert pleaded guilty pursuant to a plea agreement to possession of a controlled substance in Mesa County District Court case number 03CR1086. The crime to which he pleaded guilty was committed on April 25, 2003. The law then in effect provided that possession of a schedule II controlled substance, no matter what amount, was a class four felony. He was sentenced to six years of imprisonment plus three years of mandatory parole. Mr. Richert did not appeal directly from the judgment of conviction.

On September 12, 2005, Mr. Richert initiated various postconviction motions apparently challenging his sentence. Two days later, on September 14, 2005, the Mesa County District Court denied the motions, and Mr. Richert appealed. On April 5, 2007, the Colorado Court of Appeals affirmed. *See People v. Richert*, No. 05CA2065 (Colo. Ct. App. Apr. 5, 2007) (not published). On December 3, 2007, the Colorado Supreme Court denied certiorari review.

On February 8, 2008, Mr. Richert initiated an original proceeding in the Colorado Supreme Court, which denied the petition on March 20, 2008. On June 11, 2008, Mr. Richert submitted his original application, which this Court filed on

June 20, 2008. Respondents concede that the instant action is filed in a timely manner, i.e., within the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the Court need not address further the one-year limitation period.

Mr. Richert asserts three claims. As his first claim, he contends that he has been denied the benefit of a change in state law. He specifically contends that he should have received the benefit of Colo. Rev. Stat. § 18-18-405(2.3)(a)(I), which changed the class of felony for possession of less than a gram of a controlled substance from a class four felony to a class six felony and applies to offenses committed on or after July 1, 2003.

As his second claim, he contends that the use of state case law, i.e., *People v. McCoy*, 764 P.2d 1171 (Colo. 1988), to deny the benefit of a change in state statutory law is unconstitutional as a violation of ex post facto requirements. *McCoy* held that the language "shall apply to acts committed *on or after*" the effective date, "ma[de] it clear that the amendatory legislation [wa]s to have prospective application only" (emphasis added). *Id.* at 1174. Mr. Richert appears to argue that he is entitled to the benefit of the change in the law reducing the felony level of drug offenses involving the possession of small amounts of narcotics because the law became effect prior to the imposition of his sentence, even though the crime to which he pleaded guilty was committed on April 25, 2003.

As his third claim, he contends that, because of the ambiguous nature of state case law, i.e. the *McCoy* decision, as applied to state statutory law, the rule of lenity should be applied to afford him a more lenient sentence. The state statutory

law to which he refers is Colo. Rev. Stat. § 18-1-410(1)(f)(I), which authorizes postconviction relief when "there has been a significant change in the law, applied to the applicant's conviction or sentence, allowing in the interests of justice retroactive application of the changed legal standard." *Id.*

Respondents contend that Mr. Richert's first and third claims present questions of state law only and, because they fail to present a federal constitutional claim, they may not be considered by this Court. They further contend that Mr. Richert failed to raise his second claim as a federal constitutional claim in state court. In his reply, Mr. Richert apparently alleges that he did not raise issues of constitutional law in state court until after the Court of Appeals affirmed his conviction on postconviction review.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "Federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal quotation marks and citations

omitted). It is not the province of a federal habeas court to re-examine state-court determinations on state-law questions. *Id.* at 67-68.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Having reviewed the state court record currently before the Court, this Court agrees that claims one and three only present issues of state law and, therefore, are not cognizable in a federal habeas corpus action. *See* 28 U.S.C. § 2254(a); *see also Estelle*, 502 U.S. at 67-68. The Court further finds that Mr. Richert failed to

5

raise his second claim as a federal constitutional claim in state court. On postconviction review in the Colorado Court of Appeals, Mr. Richert failed to cite to a provision of the United States Constitution, thus failing to present his second claim as a federal constitutional claim in state court, *see Duncan*, 513 U.S. at 365-66, or to characterize or to present the substance of his second claim as a federal claim. *See Picard*, 404 U.S. at 278. Rather, in his state court opening and reply briefs, he simply relied upon two federal cases, *Griffith v. Kentucky*, 479 U.S. 314 (1987), and *Teague v Lane*, 489 U.S. 288 (1989), to support his state law claim that he should have been given the benefit of amendatory state legislation.

Although Mr. Richert failed to exhaust state court remedies for his second claim for relief, the Court may not dismiss the claim for failure to exhaust state remedies if Mr. Richert no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. No further state court remedy exists because the Colorado Court of Appeals expressly rejected the second claim on state grounds, *see People v. Richert*, No. 05CA2065, slip op. at 1-2, and because any future claim would be denied as successive under Colo. R. Crim. P. 35(c)(3)(VII). Therefore, the second claim that Mr. Richert failed to exhaust is procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317

(10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Richert's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Richert must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Richert first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* Mr. Richert then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Liberally construing the allegations in his reply, Mr. Richert apparently attempts to demonstrate cause for his procedural default by alleging that he failed to raise issues of constitutional law in state court until after the Court of Appeals affirmed his conviction on postconviction review. This argument is without merit because Mr. Richert's failure to raise a constitutional issue in state court is not an objective factor external to the defense impeded his ability to comply with the relevant procedural rule. In addition, Mr. Richert does not allege that he is actually innocent. Therefore, the Court finds that the second claim Mr. Richert failed to exhaust is procedurally barred because Mr. Richert has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice. Accordingly, it is

ORDERED that claims one and three are dismissed because they only present issues of state law and, therefore, are not cognizable in a federal habeas corpus action. It is

FURTHER ORDERED that the claim two is dismissed as procedurally barred. It is

FURTHER ORDERED that the application is denied, and the action is dismissed.

DATED at Denver, Colorado, this 11 day of Dec, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01308-BNB

Terry Richert
Prisoner No. 105847
Garfield County Community Corrections
PO Box 2017
Rifle, CO 81650

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/11/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk